IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR JACKSON COUNTY

| | |
|---|---|
| SHERRIL SIDES,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>WAL-MART, INC., a foreign business corporation,<br><br>　　　　　　　Defendant. | Case No:<br><br>**COMPLAINT** – (Personal Injury)<br><br>(Not Subject to Mandatory Arbitration)<br><br>[$588,712.19 Claimed – ORS 21.160(1)(c)] |

Plaintiff alleges:

1

At all material times herein, WAL-MART, INC. ("defendant") was and is a foreign business corporation in good standing and doing business in this State as Store #2069 in Medford, Oregon.

2

On or about July 18, 2018 at approximately 12:45 p.m. SHERRIL SIDES ("plaintiff") was a customer on defendant's premises described above. Plaintiff was on the subject premises with defendant's consent, and plaintiff held the status of an invitee.

///

///

-1-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE. #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541) 779-7430
litigation@blackchapman.com

3

At said time and place, plaintiff walked along a walkway bordered by cash registers 12 and 13 on one side and aisles of goods on the other. Defendant had placed advertising stands of goods in the walkway and had also placed an extension cord across the walkway where customers had to pass over in order to access goods beyond where the cord was placed. Plaintiff walked over the cord, and she caught one of her feet on the cord which defendant had duct taped to the linoleum floor between the registers and an advertising stand. Plaintiff is informed and believes and thereon alleges that repeated customer traffic over and on the cord caused the cord to come loose from the floor in the area where plaintiff was walking. The tape was not readily noticeable, not signed or coned, nor colored so as to warn customers of its presence in the walkway. As a result of catching her foot on the loosened cord, plaintiff fell, all due to defendant's negligence, further resulting in plaintiff sustaining severe injuries as more fully described below.

4

Defendant and its agents, servants or employees, had a duty to the plaintiff to exercise reasonable care to protect plaintiff from an unreasonable risk of harm, to warn plaintiff of the dangerous condition of the loose cord, to either remove the cord from the walkway or otherwise make safe the walkway where the cord lay for pedestrian traffic whether defendant at the time of plaintiff's fall knew, or in the exercise of reasonable care, should have known that the loose cord might injure a customer such as plaintiff.

/ / /

-2-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850 Fax: (541)779-7430
litigation@blackchapman.com

5

At all material times herein, defendant and its agents, servants or employees, were in possession or control of the location where the incident occurred and knew or should have known of the risk of injury that the loose cord presented to customers. Defendant and its agents, servants or employees, further knew or should have known that the loose cord was an unreasonably dangerous condition that involved an unreasonable risk of harm to persons such as plaintiff.

6

This accident and resulting damages were caused by the defendant's negligence in one or more of the following particulars:

(a) In allowing the existence of the cord as a tripping hazard to exist on the floor;

(b) Knowing that the cord constituted tripping hazard and failing to remove it or to warn plaintiff of its existence;

(c) Failing to discover and eliminate the existence of the cord tripping hazard on the floor within a reasonable period of time;

(d) Maintaining an unreasonably dangerous condition where plaintiff's fall occurred;

(e) Failing to adequately inspect the premises so as to discover conditions which presented hazards to customers such as plaintiff who were walking in the store;

/ / /

/ / /

-3-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

EXHIBIT B
Page 3 of 5

(f)     Failing to post warnings or protective barriers to prevent persons, such as plaintiff, from tripping and falling in the area where the incident occurred;

(g)     Directing store personnel or other unknown persons to place an advertising stand with dangerous electric cord connections in a customer walkway without taking into consideration the risk of harm that the jury rigged electric cord connection placed on customers such as plaintiff;

(h)     Failing to discover and make safe the customer walkway by placing and allowing the unmarked or loose cord to lie in a place that endangered customers such as plaintiff;

(i)     Failing to educate and train defendant's personnel on safe practices designed to protect customer safety in connection with placement of electric cords in and on customer walkways; and,

(j)     Using advertising signs in the store for the purpose of directing customers' vision away from the floor and up onto shelves and advertising stands, thus reducing customers' ability to perceive and avoid dangerous conditions such the loose cord alleged above.

7

As a result of defendant's negligence, plaintiff has suffered personal injuries as set forth below and plaintiff has past medical expenses in the amount of $168,712.19. Plaintiff anticipates incurring future medical and related service expenses, the exact amount of which is currently unknown but for purposes of complying with ORCP 18, is

-4-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE.,#209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com

alleged not to exceed $50,000.00. Plaintiff reserves the right to amend this amount at or before trial.

8

As a result of defendant's negligence, plaintiff has suffered personal injuries to her left shoulder and arm requiring surgical repairs and therapy. Plaintiff's injuries are permanent and have caused and will cause in the future, pain, discomfort, physical limitations, emotional distress, and interference with normal and usual activities, all to plaintiff's noneconomic damage in an amount not to exceed $370,000.00.

WHEREFORE, plaintiff prays for judgment against defendant for medical bills in the amount of $168,712.19, future medical bills in an amount not to exceed $50,000.00, noneconomic damages in an amount not to exceed $370,000.00, and her costs and disbursements incurred herein.

DATED this 14th day of July, 2020.

BLACK, CHAPMAN, PETERSEN & STEVENS

/s/Thomas N. Petersen
Thomas N. Petersen, OSB # 974645
Attorney for Plaintiff

Trial Attorney: Thomas N. Petersen
　　　　　　　OSB # 974645

-5-COMPLAINT

BLACK, CHAPMAN, PETERSEN, STEVENS
ATTORNEYS AT LAW
221 STEWART AVE., #209
MEDFORD, OREGON 97501
Phone: (541) 772-9850  Fax: (541)779-7430
litigation@blackchapman.com